JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 18-1891 JGB (KKx)** | Date | October 4, 2019 |
|---|---|---|---|
| Title | *Priscilla Dinh v Victoria's Secret* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order REMANDING Case to State Court.

    On June 12, 2018, Plaintiff Priscilla Dinh filed this action in the Superior Court of the State of California, County of San Bernardino. ("Complaint," Dkt. No. 1-1, Exhibit A.) The Complaint brings causes of action for: (1) premises liability and (2) general negligence. (See id.) On September 5, 2018, Defendant Victoria's Secret removed the case to this Court. ("Notice of Removal," Dkt. No. 1.) The Notice of Removal states that the parties are diverse: Plaintiff is a citizen of California and Defendant is a Delaware limited liability company with a principal place of business in Ohio. (Id. ¶¶ 6,7.) The Notice of Removal also states the amount in controversy exceeds $75,000. (Id. ¶ 13.) On September 20, 2019, the Parties filed a stipulation clarifying that the amount in controversy is less than $75,000. ("Joint Stipulation," Dkt. No. 13.)

    "Federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute." Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013). As such, federal courts only have original jurisdiction over civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. Because they have limited jurisdiction, federal courts "have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." Henderson ex rel. Henderson v. Shinseki, 562 US 428, 434 (2011).

    At the time of removal, the requirements for diversity jurisdiction were met—the parties are diverse and an amount in controversy appeared to be greater than $75,000. (See Notice of

Removal.)  However, with the filing of the Joint Stipulation indicating that the amount in controversy is $75,000, that is no longer the case.  (See Joint Stipulation.)  Additionally, because Plaintiff brings only state law claims, there is no federal question at issue.  (See Complaint.)  Accordingly, the Court concludes that it lacks subject matter jurisdiction over this case and REMANDS the case to the Superior Court of the State of California, County of San Bernardino.

**IT IS SO ORDERED.**